# Rubin, Fiorella & Friedman LLP
## Attorneys at Law
### 630 Third Avenue, 3rd Floor
### New York, New York 10017
### Telephone: (212) 953-2381
### Facsimile: (212) 953-2462

Writer's Direct Dial:   (212) 447-4605
E-Mail:   JMERCANTE@RUBINFIORELLA.COM

June 5, 2018

*Via ECF*

Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

  Re: **New Arguments in Plaintiffs' Objection to Report and Recommendation**
     *Sarah Witkowski and Scott Witkowski v. Niagara Jet Adventures, LLC*
     Docket No: 16-cv-00856-LJV-JJM
     Our File No: 666-33038

Dear Judge Vilardo:

  We represent defendant Niagara Jet Adventures in the above-referenced admiralty matter concerning an injury that allegedly occurred, onboard a Niagara River excursion. Plaintiffs maintain this lawsuit despite signing releases of liability. Magistrate Judge McCarthy's Report and Recommendation filed on June 1, 2018 determined the releases are valid and enforceable. This letter concerns plaintiffs' Objection to Magistrate Judge McCarthy's findings [Docket #43] which raises new law and new arguments, in violation of the local rules and Magistrate Judge McCarthy's warning that new arguments and case law will not be considered. Indeed, Your Honor ruled in another matter that: "*...a district judge cannot consider new arguments raised in objections to a report or recommendation that could have been raised before the magistrate judge.*" *McQueen v. Huddleston*, 2018 U.S. Dist. LEXIS 16809; 2018 WL 661413 at *7, (W.D.N.Y. 2018) (Vilardo, J.). Plaintiffs' new arguments certainly could have been heretofore raised.

  Plaintiffs' arguments raised now for the first time are both procedurally and substantively defective. Accordingly, we are respectfully requesting guidance from the Court in this regard.

  In their objection, plaintiffs certify pursuant to Local Rule 72 that new legal and factual arguments are raised concerning the applicability of certain federal statutes because "*[a]dditional legal research revealed the applicability of these sections to the case at bar.*"

Hon. Lawrence J. Vilardo
United States District Judge
June 5, 2018
Page 2

Plaintiffs also certify that they have submitted new case law in support of their original arguments.[1]

Moreover, plaintiffs' new arguments are a complete 'about face' from their prior representations to the Court. Plaintiffs' opposition to the motion for summary judgment concedes "...*under federal maritime law, 'a preaccident waiver will absolve an owner or operator of liability for recreational accidents taking place on navigable waters where the exculpatory clause '(1) is clear and unambiguous; (2) is not inconsistent with public policy; and (3) is not an adhesion contract.'*" (citations omitted) [Docket #30, p. 14]. Now, plaintiffs abruptly change course, arguing that an admiralty statute invalidates the waiver they signed.

Plaintiff's new argument concerning 46 U.S.C. § 30509 is a misrepresentation of the law. That statute invalidates exculpatory provisions limiting liability of vessel owners "of any vessel transporting passengers between ports of the United States or between any such port and a foreign port..." According to the legislative history, that statute's predecessor (46 U.S.C. app. §183c) was enacted to curtail steamship owners' practice of printing exculpatory provisions on the reverse side of passenger tickets. S. Rep. No. 74-2061 at 6 (1936). Also, the 11th Circuit held that this admiralty statute applies to common carrier (ferries, ocean liners or cruise ships) and is not applicable to recreational excursions that depart and return to the same port. *Schultz v. Florida Keys Dive Ctr., Inc.*, 224 F.3d 1269, 2001 AMC 483 (11th Cir. 2000) (holding a dive excursion is not a "vessel transporting passengers between ports of the United States or between any such port and a foreign port").

Plaintiffs refer to *Hambrook v. Smith*, 2016 U.S. Dist. LEXIS 109484, 2016 WL 4408991, a District of Hawaii case, for the proposition that 46 U.S.C. § 30509 invalidates releases for recreational excursions (in that case – a scuba dive excursion).[2] That court did not examine the "between ports" issue, but rather cited to *Matter of Pacific Adventures, Inc.*, 5 F. Supp. 2d 8745 (D. Haw. 1998), another Hawaii case, which erroneously applied the admiralty statute.[3] Federal admiralty law is now well settled for decades that waivers of liability for recreational marine activities are valid and enforceable as set forth in Niagara Jet's moving papers (p. 10-11) including one by the late Judge Curtin of this Court.[4]

Niagara Jet respectfully requests that the Court strike plaintiffs' references to new statutes and cases because they amount to *new* arguments that were not mentioned in the pleadings, nor years of discovery, or the extensive briefs that were submitted to Magistrate Judge McCarthy.

---

[1] Plaintiffs' cite ten (10) new cases in their objection to the Magistrate Judge report, not previously cited.
[2] Plaintiffs misrepresent this decision as being issued by the Ninth Circuit Court of Appeals.
[3] Indeed, his case was the subject of a Tulane Maritime Law Journal article titled: *Please Release Me – The Erroneous Application of 46 U.S.C. app. 183c to Scuba Diving Releases in Courtney v. Pacific Adventures, Inc.*, 23 Tul. Mar. L. J. 473 (1999).
[4] *Brozyna v. Niagara Gorge Jetboating, Ltd.*, 2011 U.S. Dist. LEXIS 111546 (W.D.N.Y. 2011) (holding that waivers of liability for recreational excursions on the Niagara River are valid and enforceable).

RUBIN, FIORELLA & FRIEDMAN LLP

Hon. Lawrence J. Vilardo
United States District Judge
June 5, 2018
Page 3

Lastly, Niagara Jet respectfully requests guidance on the page limit(s) Your Honor wishes for the responses and replies be submitted to Your Honor per the Order dated June 4, 2018.

Respectfully submitted,

RUBIN, FIORELLA & FRIEDMAN LLP
*Attorneys for Defendant,*
*NIAGARA JET ADVENTURES, LLC*

By:   *James E. Mercante*
      James E. Mercante

**Copy:**

Christopher J. O'Brien, Esq.
THE O'BRIEN FIRM, P.C.
*Attorneys for Plaintiffs*
4925 Main Street, Suite 222
Buffalo, New York 14226

Michael Patrick Doyle
Doyle LLP Trial Lawyers
*Attorneys for Plaintiffs*
3401 Allen Parkway, Suite 100
Houston, Texas 77019